UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OMAR SHAKIR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. CV 15-03389-JGB (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE |

## I.

## INTRODUCTION

On May 6, 2015, Petitioner Omar Shakir ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition"). The Petition appears to challenge Petitioner's 2015 conviction for two counts of aggravated assault and one count of aggravated battery. Petition at 2. Petitioner alleges that the trial court violated his Sixth and Fourteenth Amendment rights by denying his Marsden motions and the admission of relevant exculpatory evidence. Id. at 6-7.

///

///

## II.
## DISCUSSION

**A.  Standard of Review**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." Mayle v. Felix, 545 U.S. 644, 654 (2005). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; Felix, 545 U.S. at 656. Local Rule 72-3.2 of this Court also provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

In addition to reviewing the pending Petition and attached exhibits, the Court also takes judicial notice of Petitioner's records in the state appellate courts, which are available at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), overruled on other grounds as recognized in Cross v. Sisto, 676 F.3d 1172 (9th Cir. 2012).

**B.  Analysis**

The face of the Petition shows that it is directed at Petitioner's current state custody arising from a March 23, 2015 conviction in the Superior Court for Los Angeles County for two counts of aggravated assault and one count of aggravated battery, Case No. LA 076332. Petition at 2. The state appellate court records reflect a pending appeal associated with that case number, Case No. B264849.

///

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the state courts the "opportunity to pass upon and correct alleged violations" of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)). To do so, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Additionally, and more pertinent to the pending Petition, the federal exhaustion doctrine "stem[s] from the basic principle of federalism that federal courts should accord due respect to the role of state courts in enforcing the prohibition against unconstitutional confinement embodied in the writ of habeas corpus," so state courts "should have the first opportunity to examine the lawfulness of a state prisoner's confinement." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982). Consequently, when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is the case "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts," id., because "[i]f the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." Id. at 633 (internal quotation marks and citation omitted). Put another way, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Id. at 634.

In this case, the Court finds the Petition must be dismissed as an unexhausted petition because, as established above, Petitioner's direct appeal

of the conviction he now challenges is still pending before the state courts. See Sherwood, 716 F.2d at 634; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Habeas Rule 4 and Local Rule 72-3.2. The Clerk is directed to enter judgment dismissing the Petition without prejudice. The Clerk is also directed to notify Petitioner.

Dated: September 17, 2015

_____
HON. JESUS G. BERNAL
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

4